Dunlap, J.
This cause is here on error to the court of common pleas. The judgment under review is one obtained by Mary Dense, on behalf of herself and her minor son, against the Industrial Commission of Ohio, on account, as is claimed in the petition, of the 'death of her husband, Fred Dense, due to injuries received while in the employ of The Cleveland Provision Company, which injuries were sustained by the decedent in the course of his employment.
The petition recites that the Industrial Commission denied the fight of the plaintiff to participate *225 in the insurance fund, on the ground that the death of said Fred Dense was not caused by an injury sustained in the course of his employment. The action in which this judgment was obtained was an appeal to the common pleas court from that finding.
A review of all the testimony offered in the case produces the impression in our minds that the main question in this case was peculiarly one for a jury, and not for a court, to decide. That question —and it was necessarily the sole issue in the case — was whether or not Fred Dense came to his death by an accident happening in the course of his employment. There was little, if any, conflict in the evidence, although it is quite possible that different deductions might be drawn therefrom. Thus, it was shown that Dense had been employed by The Cleveland Provision Company for a period of eight years, prior to the time of his death; that he was a salesman, required to take care of all the company’s customers in a certain territory, which territory included about twenty butchers, maintaining meat stalls in the West Side market-house. Some of these butchers resided outside of that territory, in various parts of the city, and he frequently called upon them at their homes, in the evening. He worked both on salary and commission, and although he punched a clock in the company’s main office, at such times as he had occasion to go there, still, he had no definite, fixed working hours, but used such time and number of hours ,a.s his work required him to use, and sometimes worked at nights, and very seldom ceased working any day before 6:30 to 8:30 P. M. He was required by the *226 contract between himself and The Cleveland Provision Company to use an automobile in covering his territory. The upkeep and wear and tear of this automobile were taken care of by the employer. It is sufficient to say that in this respect his contract with his employer required him to keep the car in a garage, and to keep it in good repair and presentable appearance. In order to do this, at his employer’s suggestion, and with his full permission, Dense had built a garage in the rear of his house, where he kept the car that he was using. Dense was known to have left the company’s office, on the day of his death, at about 4 P. M., and between 5:30 and 6 o’clock that evening, while driving his automobile eastward over the Harvard-Denison bridge, which was in the direction of his own home, the automobile overturned on the street-car rail, throwing him to the pavement, and causing injuries from which he died a few minutes thereafter, without regaining consciousness. He was alone at the time. Books and order blanks fell out of his coat. Some of the order blanks were filled in with orders for various kinds of meat. These books and order blanks were turned over to his employer’s officers, at the hospital, but were not produced at the trial. The widow, Mary Dense, the plaintiff below, and one minor child, were both dependent on Fred Dense for support, and survive him.
We are not at all unmindful of the general rule, “A workman’s employment begins in the ordinary course when the tipie has arrived and the locality has been reached at which he is employed to work.” (Boyd on Workmen’s Compensation, Section 486.) *227 Nor of the further rule, laid down by the same authority, that, “As a general rule, however, the period of going to and returning from work is not included.” We do not mean by this decision to set aside any general rule; but a general rule, applicable to workmen in and about a shop or factory, is hardly applicable to a salesman, the bulk of whose duties and work is outside of the factory, and performed on trains, or upon automobiles. The contract existing in this case between Dense and his employer required him to use, and keep and maintain, an automobile, which it was fully understood he was keeping at his home garage. It is undisputed that he kept the car there at the request of his employer. We shall not go so far as to say that it is the law, under such circumstances, that, from the time he drives out of his garage, in the morning, until he returns the car to the garage, at the close of the day’s work, he is to be regarded as constantly in the course of his employment; but we will say that the facts disclosed by the evidence in this particular case presented a question of fact for the determination of a jury, as to whether or not, at the time of his injury, and under all the circumstances, he was injured while in the course of his employment. We regard the testimony' in this case as furnishing at least a scintilla of proof to the effect that he was in the course of his employment, and perhaps as raising a strong presumption to that effect. Upon this question, we regard the verdict of the jury as decisive, and the judgment will not be reversed for failure of proof.
We have examined the record with a view to determining whether any error, prejudicial to the *228 rights of the defendant in error, was committed; in the admission or rejection of evidence, and in the charge of the court. We find no such error, and the judgment will be affirmed.

Judgment affirmed.

Washburn and Vickery, JJ., concur. -